Mr. Justice Van Oksdel
delivered the opinion of the Court:
The power of an executor to take charge of the assets of his ■testator’s estate, and execute the provisions of the will without .administration, in the absence of objection by creditors, has .long been recognized in Pennsylvania. McLean v. Wade, 58 Pa. 146.
It was contended on demurrer in the court belcw that Edward Rahm, Junior, is the proper party plaintiff, and it was upon this point alone that the demurrer was sustained and the •decree entered. The bill, by its silence, concedes, after the long lapse of time between the death of the testator and the bringing of this suit, that all debts against the estate and the special bequests under the will have been paid. The sole party in interest, therefore, is Edward Rahm, Junior. It will be observed that the only trust created by the will in force after ■the payment of the debts and specific legacies and the death of Allen R. Rahm is the one in favor of Edward Rahm, Junior. With the payment of the debts and legacies, the estate was fully settled, and Hopkins became simply a trustee under the will. It follows that, in such a case, an action for accounting •should be brought by the cestui que trust.
Even if Edward Rahm, Junior, be treated as a sole legatee seeking an accounting, the suit could properly have been brought in his name, without the intervention of an ancillary administrator. In McLean v. Wade, supra, the sole heir brought suit against the executors of her father’s estate. The court said: “We have another question, and that involves the plaintiffs’ right to sue in their own names without administration *300 in a case circumstanced as this is. Undoubtedly the estate of decedent descends to his heirs at his death, subject to the claims of creditors and the laws in force for administering it. But if there he no debts, and no distribution needed, and only a solitary heir, administration would seem to be useless. In this case I see no reason why the heir may not assert her rights. Indeed, this point was decided in Lee v. Gibbons, 14 Serg. & R. 105, and in Lee v. Wright, 1 Rawle, 149. This suit was instituted by the heir some twenty-six years after the death of her father. After such a lapse of time, in the absence of any evidence to countervail it, there is a conclusive presumption of the payment of every species of debt which might have existed against the estate of her father at his decease. This being so, the authorities cited seem to settle the point in favor of the maintenance of this action, there being no creditors.”
It is for the actions of Hopkins as trustee under the will that an accounting is sought against his legal representatives. No reason is apparent why an ancillary administrator appointed more than a third of a century after the death of the testator should intervene to prosecute this action, when its only duty in case of recovery would be to turn the proceeds over to the cestui que trust.
A similar bill was filed in the courts of Pennsylvania by an administrator appointed for the purpose of securing an accounting from the estate of Hopkins for the same matters set up in the bill in the present case, and the court, dismissing the bill, in an opinion not reported, held that Edward Rahm, Junior, was “the only beneficial party, and without the need of an intermediary. His status to act for himself was recognized in Rahm’s Estate, 226 Pa. 594, 75 Atl. 830. In this view it is useless to proceed further, even assuming petitioner able to prove his allegations.” This decision from a court of the State where the transactions sought to be adjudicated occurred and the estate was located is conclusive of the only question presented by this appeal.
It is unnecessary to consider the effect of the two acquittances and releases executed by Edward Bahm, Junior, in settlement *301 of his claims against Hopkins. It is sufficient that the supreme court of Pennsylvania in Rahm’s Estate, supra, held them to constitute equitable assignments, conveying to Hopkins the corpus of the $3,000 bequest to Louisa Eahm, and inherited by Edward Eahm, Junior, on her death, and the income of the $20,000 life interest of Edward Eahm, Junior, under the will. In this situation a court of equity will not lend itself to the unnecessary subterfuge of permitting the present suit to be prosecuted in the name of an ancillary administrator, in order to permit the real party in interest to escape the effect of these releases and the judgments and decrees of his own State, where the matters in controversy have been extensively litigated.
The decree is affirmed, with costs, and it is so ordered.

Affirmed.